## SMITH vs. GARRETT.

[ACTION ON NOTE GIVEN FOR PURCHASE-MONEY OF SLAVE.]

1. *Construction of bill of exceptions.*—A bill of exceptions, although construed most strongly against the party excepting, must nevertheless receive a reasonable construction.

2. *Costs on successful plea of set-off.*—In an action on a note given for the unpaid balance of the purchase-money of a slave, the defendant pleaded the general issue, " with leave to give in evidence any matter of defense ; " insisted, in defense, on fraud in the sale, and a breach of the warranty of soundness of the slave ; and claimed damages, by way of set-off, on account of the fraud and breach of warranty, for an amount greater than the balance due on the note. The jury having found a general verdict for the plaintiff, for the amount of the note and interest, less $117,—*held*, that the defendant was not entitled to a judgment for costs, (Code, § 2378,) as when the plea of set-off is successfully interposed.

APPEAL from the Circuit Court of Lowndes.

Tried before the Hon. JOHN GILL SHORTER.

THIS action was brought by Robert B. Smith, against William J. Garrett and Daniel T. McCall; and was founded on the defendants' promissory note for $420, given for the unpaid balance of the purchase-money of a slave sold to them by plaintiff. The action of the court in taxing the plaintiff with the costs of the attendance of witnesses, when he recovered a verdict and judgment for the amount of the note and interest, less $117, is the only matter assigned as error; and the facts on which this action of the court was founded, as stated in the bill of exceptions, being substantially stated in the opinion of the court, need not be here repeated.

WATTS, JUDGE & JACKSON, for the appellant.

D. W. BAINE, *contra.*

RICE, C. J.—Section 2375 of the Code provides, that " the successful party, in all civil actions, is entitled to full costs, for which judgment must be rendered, unless in cases otherwise directed by law." The action here was a civil action. The plaintiff was "the successful

party" in it, and is, under that section, "entitled to full costs," unless the record shows the case to belong to a class in which the law otherwise directs. The case is not one of that class, unless it be the specific case, in substance or letter, provided for by section 2378 of the Code, which declares, that "in all actions where a set-off is *pleaded and controverted*, the defendant recovers his costs *sustained in establishing the set-off*, though judgment be rendered for the plaintiff for a residue."

The bill of exceptions taken in the case must be construed most strongly against the party excepting; but still it must receive a reasonable construction.—Goodgame v. Clifton, 13 Ala. R. 583; Stephens v. Brodnax, 5 *ib.* 258; Duffee v. Pennington, 1 *ib.* 506. Thus construed, it shows that "the defendant pleaded the general issue, with leave to give in evidence any matter of defense, and with like leave on the part of the plaintiff to give in evidence any matter in reply that was competent and legal;" that the note sued on was given for the unpaid balance of the price of certain negroes sold by the plaintiff to the defendant; that the plaintiff warranted the negroes to be sound in body and mind; that the defenses relied on at the trial were, 1st, breach of the warranty, and 2d, fraud in the sale; and that all the evidence adduced to sustain the defenses, was equally as admissible under the general issue, as it could have been under a plea of set-off. It appears from the record, that the amount of damages claimed by the defendant, for the breach of warranty and the fraud, was greater than the amount of the note sued on; but that the jury found *a general verdict* for the plaintiff, for $379 76, which is the full amount of the note sued on and interest, except about $117.

When, as in the present case, the defenses relied upon are as available under the general issue as under the plea of set-off, and the general issue is pleaded, with leave to give in evidence any matter of defense, the mere fact that the amount found for the plaintiff, by *a general verdict* in his favor, is less than the amount of the note sued on, does not entitle the defendant, under section 2378, to recover any costs, or to exemption from any costs. For,

although the jury made a deduction from the plaintiff's demands, they may have made it under *the general issue ;* and if so, the defendant is not entitled to recover any cost. The only cost he can recover, when the verdict is against him, is the cost "sustained in establishing the set-off,"—that is, cost sustained in procuring an allowance to himself, or a deduction from the plaintiff's demand, *under what the law deems a plea of set-off.*

It is not a conclusion of law from the pleadings and verdict, or from the pleadings, verdict and bill of exceptions, that any "*set-off*" was "*established*" in this case. The pleadings, verdict, and bill of exceptions, are entirely consistent with the supposition, that the deduction made from the plaintiff's demand, was made under the general issue. And when the substance of all the pleadings and evidence is set forth in the record, and from them it is entirely uncertain whether the partial deduction from the plaintiff's demand was made under the general issue or under the plea of set-off, the judgment as to the costs must be controlled by *the general rule* laid down in section 2375 of the Code, and not by *the exception* defined in section 2378. Where a party claims under an exception, he must bring himself or his case within it.

It follows from what we have above said, that the court below erred in taxing the plaintiff with the costs, or amount of the witness-fees in the cause; and its judgment in favor of the defendant, which taxes the plaintiff with the witness-fees, is reversed and held for naught. This reversal leaves in full force the judgment in favor of the plaintiff, entered on the verdict for the amount thereby found for the plaintiff, and all the costs of the suit. The defendant must pay the costs of this appeal.

STONE, J., not sitting.